**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



FEB 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN QUEVEDO, | No. 10-15939 |
| Petitioner-Appellant, | D.C. No. 1:06 CV 01621-LJO-DLB |
| v. | |
| M.C. KRAMER, | MEMORANDUM[*] |
| Respondent/Appellee. | |

On Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 15, 2013[**]
San Francisco, California

Before: SCHROEDER and MURGUIA, Circuit Judges, and MCNAMEE, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen M. McNamee, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

California state prisoner Ruben Quevedo ("Quevedo") appeals the denial of his petition for writ of habeas corpus. Quevedo alleges that he received ineffective assistance of counsel ("IAC") at trial in violation of the Sixth Amendment. Specifically, Quevedo alleges that trial counsel failed to file a Fourth Amendment motion to suppress methamphetamine seized at the apartment in which he was staying which resulted in his conviction. At sentencing, Quevedo received a three strikes sentence of 25 years to life. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(a), (c) and affirm the district court's order denying habeas relief.

This Court "review[s] *de novo* the district court's grant or denial of a 28 U.S.C. § 2254 petition for writ of habeas corpus." *Runningeagle v. Ryan*, 686 F.3d 758, 766 (9th Cir. 2012). The district court's findings of fact are reviewed for clear error. *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007). Our review of Quevedo's habeas corpus petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, habeas relief may not be granted unless the state court's adjudication of a claim "resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's conclusions were "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d);

*Harrington v. Richter*, 131 S. Ct. 770, 787-88 (2011) (describing AEDPA deference owed to a state court's ruling on an IAC claim).

Quevedo contends that trial counsel rendered IAC by failing to file a motion to suppress the methamphetamine–a motion under the Fourth Amendment he contends would have been successful–and that he was prejudiced by receiving a sentence based upon California's three strikes law. Quevedo properly raised and exhausted this IAC claim in state court, where it was rejected.

To prove IAC, Quevedo must show that (1) counsel's assistance was so defective as to fall below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We find that there was a reasonable basis for the state court's rejection of Quevedo's IAC claim.

Prior to Quevedo's arrest, he was a suspect in a burglary investigation, and authorities learned that he was staying at his brother Jaime's apartment. Jaime had previously been convicted of a drug violation and, in exchange for serving a sentence of probation, had consented to warrantless probation searches of his premises conducted without probable cause. At the time of Quevedo's trial, California law construed federal constitutional standards and sanctioned third-party consent searches without probable cause or reasonable suspicion so long as (1)

3

police officers were aware that the probationer whose premises were to be searched had consented to probation searches, (2) there was a legitimate law enforcement purpose for the search, and (3) the search was not arbitrary or conducted for purposes of harassment. Under California law, a consent-based search was valid when consent was given by an individual with common or superior authority over the area to be searched; consent from other interested parties was unnecessary. *See People v. Woods*, 981 P.2d 1019, 1024 (Cal. 1999). Here, officers were aware of Jaime's probation search conditions and therefore had a legitimate purpose for conducting a probation search during their investigation of potential criminal activity occurring at Jaime's apartment.

During Quevedo's state court proceedings, trial counsel explained that he did not file a motion to suppress because he understood that under then-existing California law the officers knew that Jaime consented to a probation search, which allowed them to search Jaime's apartment without a warrant so long as there was a legitimate law enforcement purpose. The district court found that trial counsel did not render IAC because the officers had a legitimate investigative purpose when they conducted a probation search of Jaime's apartment: they were informed that Quevedo, a suspect in an ongoing burglary investigation, was present at and likely concealing stolen items in Jaime's apartment. The methamphetamine, which

4

Quevedo admitted was his, was therefore properly seized pursuant to a valid probation search.

Next, we reject Quevedo's reliance upon direct review cases that required officers to have a proper probationary purpose for a search. As the California Supreme Court explained in *Woods*, probation searches were valid to monitor the probationer or, as here, "*to serve some other law enforcement purpose*." 981 P.2d at 1027 (emphasis added). Furthermore, Quevedo's reliance upon *Griffin v. Wisconsin*, 483 U.S. 868 (1987), which addressed the constitutional validity of a regulatory scheme authorizing warrantless searches of probationers, is misplaced.

Finally, Quevedo argues that trial counsel should have known that the subterfuge engaged in by the police–using Jaime's probation search condition to secure evidence against Quevedo–was "constitutionally repugnant." In *Whren v. United States*, 517 U.S. 806 (1996), the Court considered–and rejected–a similar pretext argument as the one Quevedo asserts. The *Whren* Court found that the officers' subjective motivations did not invalidate the search since the circumstances, viewed objectively, justified their action. *Id.* at 812-13. Such is the case here. Accordingly, Quevedo's arguments to the contrary are without merit.

**AFFIRMED.**

5